**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | | |
|---|---|---|
| PATRICIA DAVITT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-CV-4861 |
| | : | |
| OPEN MRI OF WARREN, L.L.C., D.B.A | : | **MEMORANDUM OF LAW IN** |
| OPEN MRI OF PHILLIPSBURG, | : | **SUPPORT OF MOTION TO** |
| JOSEPH W. GALAZIN, JOHN | : | **RECOVER DEFENDANTS'** |
| ZACCARDI and DEBORAH GALAZIN | : | **ATTORNEYS' FEES AND COSTS** |

Defendants, Open MRI of Warren, L.L.C. d/b/a Open MRI of Phillipsburg,

Joseph W. Galazin, John Zaccardi and Deborah Galazin, hereby file the following

Memorandum of Law in Support of their Motion to Recover Attorneys' Fees and Costs:

I.    **FACTS**:

Defendants operate an MRI Center that performs CAT scans, MRIs and other

radiology studies for patients referred by physicians.  The MRI Center is governed by

rules and regulations of the New Jersey Department of Health.

Patricia Davitt was hired at Open located in Phillipsburg, New Jersey, on

August 28, 2000, for the position of front office supervisor and receptionist.  Davitt

alleges that while she was employed by Open she observed what she believed to be

violations of State laws and regulations regarding the operation of the facility in

Phillipsburg, including failure to have a radiologist present on site during contrast

injections; operating the facility without a license; employment of unlicensed

radiology technicians and alleged insurance fraud.

Plaintiff alleges in her Complaint the Defendant terminated her on October 9,

2002, from her employment in retaliation for contacting the New Jersey Department of

Health and reporting the above-identified violations and that such termination was a

violation of CEPA.

Defendants made an Offer of Judgment to Plaintiff on or about November 12, 2004 in the amount of $45,000.00 pursuant to Federal Rule of Civil Procedure 68. Plaintiffs rejected this Offer of Judgment. A true and correct copy of the Offer is attached hereto and marked as Exhibit "B".

The case was tried to a verdict on December 21, 2006, and the ten person jury found in favor of Defendants and against Plaintiff and awarded no damages. Specifically, the jury found that the fourth element of proof required to recover under CEPA, that there was a causal connection between the whistle-blowing activity and the adverse employment action, was not met in the case at bar. Therefore, pursuant to CEPA, Defendants are entitled to recover their attorneys' fees and costs.

Counsel for Defendants have billed fees to date in the amount of $59,457.00 and billed costs to date in the amount of $1,659.72. (See Exhibit "A") Additionally, counsel for Defendants has unbilled fees to date in the amount of $37,279.50 and unbilled costs to date in the amount of $754.32, for a total of $99,148.54. (To be submitted on finalized bill preparation)

## II.  LEGAL ARGUMENT:

### A.  Defendants Are Entitled to Recover Their Attorneys' Fees and Costs Under CEPA

Plaintiff's Complaint in this case is for wrongful discharge under New Jersey Conscientious Employee Protection Act (CEPA). N.J.S.A. 34:19-1 to 34:19-8. Pursuant to CEPA, "A court, upon notice of Motion in accordance with the Rules Governing the Courts of the State of New Jersey, may also order that reasonable attorneys' fees and court costs be awarded to an employer if the court determines that an action brought by an employee under this act was without basis in law or fact." N.J.S.A. 34:19-6.

The case law is not particularly enlightening in outlining how to determine whether the action brought by the employee is without basis in law or fact, but one basis is if the employer concedes for the purposes of trial that the employee acted in

good faith. <u>Buccinna v. Micheletti</u>, 311 N.J. Super. 557, 710 A.2d 1019 (1998). In the case at bar, Defendants never conceded that the employee-plaintiff acted in good faith at any time. The fact that an impartial jury of ten citizens found that Plaintiff could not prove by a preponderance of the evidence that Plaintiff's termination was causally connected to her alleged whistle-blowing activity is proof that the Plaintiff's cause of action under CEPA did not have any basis in law or fact.

Plaintiff was fired for misconduct, because she violated the provisions of the employee manual, which she acknowledged that she received and understood. Specifically, Plaintiff made a bomb threat as a "joke" four months after September 11, 2001, knowing that one of the owners was a September 11 survivor and relatives who died in that tragedy, and had an emotional outburst in front of several patients during which time she used foul or profane language and yelled and slammed doors. All of this is in direct violation of the provisions of the employee manual.

Because she was clearly terminated for misconduct, her CEPA claim did not have any basis in law or fact, and thus, attorneys' fees and costs should be awarded to the prevailing employer-defendants.

### B. Defendants Are Entitled to Recover Their Attorneys' Fees and Costs Under F.R.C.P. 68

Federal Rule of Civil Procedure 68 provides the procedure for an Offer of Judgment. That rule states that an Offer of Judgment can be made at any time more than ten days before a trial begins. The defendant may serve upon the adverse party an offer to allow judgment to be taken against it for a specified amount or property, with costs then accrued. If within ten days of the offer, the adverse party accepts in writing, the Offer is filed with the court and the clerk enters judgment. F.R.C.P. 68. However, "if the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." F.R.C.P. 68.

The purpose of F.R.C.P. 68 is to encourage early settlements of litigation and to protect a party who is willing to settle from the burden of costs which subsequently accrue. Staffend v. Lake Cent. Airlines, Inc., 47 F.R.D. 218 (1969, N.D. Ohio). The word costs under F.R.C.P. 68 includes all costs properly awardable under the relevant substantive statute or other authority. Jolly v. Coughlin, 1999 U.S. Dist. LEXIS 349 (S.D.N.Y., 1999).

In the case at bar, Defendants made an Offer of Judgment to Plaintiffs in the amount of $45,000.00 on or about November 12, 2004. Plaintiff rejected that offer. Plaintiff insisted on bringing the case to verdict, at which time an award was made in favor of Defendants, and against Plaintiff. Consequently, the judgment obtained is obviously less than the amount offered, and Defendants are entitled to costs accrued.

## C.    Defendants Are Entitled to Recover All Costs Incurred

The term "costs" is not defined by CEPA, so the court must determine which costs are covered under the statute.

N.J.S.A. 22A:2-8 defines recoverable costs as:

> The legal fees of witnesses including mileage for each attendance, , masters, commissioners and other officers;
>
> The costs of taking depositions when taxable, by order of the court;
> The legal fees for publication when publication is required;
>
> The legal fees paid for a certified copy of a deposition or other paper or document, or map, recorded or filed in any public office, necessarily used or obtained for use in the trial of an issue of fact or the argument of an issue of law, or upon appeal, or otherwise;
>
> Sheriff's fees for service of process or other mandate or proceeding;
>
> All filing and docketing fees and charges paid to the clerk of court;
>
> Such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law, or rule of court.

All of Defendants costs in the case at bar fall into one of the above mentioned categories.

## III.   <u>CONCLUSION</u>:

Wherefore, Moving Defendants, Open MRI of Warren, L.L.C. d/b/a Open MRI of Phillipsburg, Joseph W. Galazin, John Zaccardi and Deborah Galazin, hereby request That Plaintiff be required to pay all of their attorneys' fees and costs pursuant to CEPA in the amount of $99,148.54.

MARGOLIS EDELSTEIN

BY: _____
WALTER J. TIMBY, III, ESQUIRE
JENNIFER S. COATSWORTH, ESQUIRE
216 Haddon Avenue
P.O. Box 2222
Westmont, NJ  08108
(856) 858-7200
Attorneys for Defendants,
Open MRI of Warren, et al