NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PATRICIA R. DAVITT, | : |
| Plaintiff, | : |
| v. | : Civ. No. 03-4861 (AET) |
| OPEN MRI OF WARREN, d/b/a OPEN MRI OF PHILLIPSBURG, JOSEPH W. GALAZIN, JOHN ZICCARDI, and DEBORAH GALAZIN, | : **MEMORANDUM & ORDER** |
| Defendants. | : |

THOMPSON, U.S.D.J

I.   Introduction

This matter is before the Court on Defendants' Motion to Recover Attorney's Fees and Costs, pursuant to the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-6, and pursuant to Fed. R. Civ. P. 68. The Court has considered the written submissions of the parties without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court denies Defendants' Motion.

II.   Background

Plaintiff, Defendants' former employee, claimed she engaged in whistle-blowing activities against her employers and was fired as a result. On October 9, 2003, Plaintiff filed a Complaint against Defendants alleging retaliatory termination in violation of CEPA and intentional infliction of emotional distress. After Defendants filed an Answer, and attempts at

mediation failed, on or about November 12, 2004, Defendants made an Offer of Judgment to Plaintiff, pursuant to Fed. R. Civ. P. 68, in the amount of $45,000.00. Plaintiff rejected the offer.

The case proceeded to trial without either side filing any dispositive motions. On December 21, 2006, a jury returned a verdict for Defendants, finding that Plaintiff had failed to prove that a causal connection existed between her whistle-blowing activity and the adverse employment action against her. Thus, on December 29, 2006, the Court entered judgment in favor of Defendants. Defendants' Motion for Attorney's Fees and Costs followed.

III.     Discussion

The Court finds that Defendants are not entitled to fees or costs under either CEPA or Fed. R. Civ. P. 68. Defendants may, however, seek costs under Fed. R. Civ. P. 54(d)(1).

    1.     Defendants Are Not Entitled to Fees or Costs Under CEPA

CEPA provides that "[a] court . . . may . . . order that reasonable attorneys' fees and court costs be awarded to an employer if the court determines that an action brought by an employee under this act was without basis in law or fact." N.J. Stat. Ann. § 34:9-16. New Jersey courts have reasoned that the standard of "without basis in law or fact" is similar to the standard in New Jersey's frivolous claim law, which states that the prevailing party may be awarded costs if the nonprevailing party either brought the claim in bad faith for harassment, delay, or malicious injury, or knew, or should have known, that the complaint was without basis in law or equity. See Buccinna v. Micheletti, 710 A.2d 1019, 1021 (N.J. Super. Ct. App. Div. 1998) (citing N.J. Stat. Ann. § 2A:15-59.1b(2)).

Defendants argue that Plaintiff's cause of action did not have any basis in law or fact simply because the jury found that Plaintiff failed to prove a causal connection between her

whistle-blowing activity and the subsequent adverse employment action.  The Court disagrees.  The Court is satisfied that Plaintiff did not bring her claim in bad faith for harassment, delay, or malicious injury.  It is noteworthy that though the jury found that Plaintiff had not proven a causal connection, it did find that she had proven by a preponderance of the evidence the other three elements of a CEPA violation: (1) Plaintiff reasonably believed that her employer's conduct was violating the law; (2) Plaintiff performed a whistle-blowing activity; and (3) an adverse employment action was taken against Plaintiff.  The Court finds that fees and costs are not awardable to Defendants under CEPA.

      2.      Defendants Are Not Entitled to Costs Under Fed. R. Civ. P. 68

Defendants argue that they are entitled to costs because Plaintiff rejected their offer of judgment, and they subsequently obtained a verdict in their favor.  Rule 68 provides that, after an offeree rejects an offer of judgment, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."  Fed. R. Civ. P. 68.  Evidently, Rule 68 does not apply here because Defendants won the underlying lawsuit.  See Delta Air Lines, Inc. v. August, 450 U.S. 346, 354 (1981); Tai Van Le v. Univ. of Pa., 321 F.3d 403, 411 (3d Cir. 2003) ("Rule 68 does not apply if the defendant wins the underlying lawsuit.  Thus, for the cost-shifting provision of Rule 68 to apply, the plaintiff must obtain some judgment against the defendant.") (citing Delta, 450 U.S. at 352).

Defendants may, however, obtain costs as a "prevailing party" under Fed. R. Civ. P. 54(d)(1).  Defendants should submit a detailed Bill of Costs and Disbursements to the Clerk of the Court, exclusive of attorney's fees and in accordance with Local Civ. R. 54.1 and 28 U.S.C. § 1920, by Monday, April 23, 2007.

IV.     Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 3rd day of April, 2007,

ORDERED that Defendants Motion to Recover Attorney's Fees and Costs under CEPA [50] is DENIED; and it is further

ORDERED that Defendants may file a Bill of Costs and Disbursements, excluding attorney's fees, pursuant to Fed. R. Civ. P. 54(d)(1), Local Civ. R. 54.1, and 28 U.S.C. § 1920, by **Monday, April 23, 2007**.

                                                                                                               s/ Anne E. Thompson
                                                                   ANNE E. THOMPSON, U.S.D.J.